By the Court—Bosworth, Ch. J.
The Judge, at Special Term, found that the note in suit was made and delivered by the defendant, to the Atlas Mutual Insurance Company, for a valuable consideration.
That the said Insurance Company delivered it to Concklin & Company, (with other notes together amounting to more than $1,000,) to secure a preexisting indebtedness of $6,300, no part of which has been paid, and that the plaintiffs, in the usual course of business and before its maturity, discounted it for Concldin & Company.
The Judge did not find any facts constituting a defense either total or partial, had the note been held by the Company when it became due, and had the suit been brought by the Company instead of these plaintiffs.
From the terms of the first conclusion of law, we think he dismissed the complaint on the idea that the terms of the indorsement were restrictive in such sense, that Concldin & Company could not have maintained an action upon it; that by reason of the terms of the indorsement they could not transfer it so as to give such a title to it or interest in it, to their indorsees—that an action can be maintained upon it by the latter. In determining the question of the plaintiffs’ right to recover, so far as that right depends upon the character of the indorsement alone; it must be borne in mind that there is no obstacle to a recovery under the Code created by the fact that a bill or note is not indorsed at all. An action since the Code must be brought in the name of the actual party in interest, even though the instrument sued on be not negotiable, yet if it has been transferred and delivered to a party, either absolutely upon a sale of it, or as security, such party may sue upon it in his own name. (Code, § 111.)
A valid transfer may be made orally, by a mere delivery, without writing. (Briggs v. Dorr, 19 J. R., 95; Ford v. Stuart, id., 342; Hastings v. McKinley, 1 E. D. Smith, 273; Savage v. Bevier, 12 How. Pr. R., 166.)
*428 In so far as the plaintiffs’ right to recover depends upon the nature and extent of their interest in the note in suit, and on that alone; their right to recover would be clear. It follows that unless their position is worse by reason of the terms of the indorsement, than it would be if there were no written indorsement of it; the terms of the indorsement form no answer to their right to sue and recover. In Sigourney v. Lloyd, (8 Barn. & Cress., 622,) on which the defendant relies as an authority that the plaintiffs cannot recover, Lord Tenterden, Ch. J., said, that if bankers or others take a bill so indorsed, “ they take it at their peril, and must be bound by the state of the account between those parties; ” that is, between the party making the restrictive indorsement, and the party who, by it, is to receive payment, for the -use of the party so indorsing. The cases of Snee v. Prescott, 1 Atk., 247; Anchor v. The Bank of England, Doug., 637; Treuttel v. Barandon, 8 Taunt., 100; Wilson v. Holmes, 543, supra; all proceed upon the principle that the party so indorsing, will prevent a third person from acquiring an interest in the bill which can defeat the purpose of such indorsement. Story in his Treatise on Bills of Exchange, uses this language: So, if a bill should be
indorsed, “ The within to be credited to A. B.,” or “Pay the within to A. B. for my use,” (8 Barn. & Cress., 622; and 5 Bing., 525;) or “Pay the within to A. B. for the use of C. D.” (Treuttel v. Barandon, 8 Taunt., 100,) it would be deemed a restrictive indorsement, so far as to restrain the negotiability, except for the very purposes indicated in the indorsement. In every case therefore, although the bill may be negotiated by the
indorsee, yet every subsequent holder must receive the money subject to the original designated appropriation thereof; and if he voluntarily assents to, or aids in, any other appropriation, it will be a wrongful conversion thereof, for which he will be held responsible.” (Id., p. 234, § 211.)
Upon the facts found upon evidence given without objection, it is clear that the Insurance Company transferred the note to Concklin & Company to enable the latter to collect it and apply the amount of it on demands of the latter against the Company. Sustaining this action will give effect to the intent of the parties, and will work no injustice to either of them.
*429 It may be further observed, that the indorsement made upon the note does not designate any one as the person to whom payment is to be made.
It, therefore, indicates an intent that payment should be made to any lawful holder of it.
But, considering the facts proved and found, it is difficult to infer that the Company had any definite design, or intended to accomplish any particular purpose, in using this form of indorsement.
It is found as a fact that this “ was the usual printed form used by the Company in all cases where notes were transferred by them for any purpose,’’ whether “ discounted, sold, deposited for collection, or otherwise disposed of.”
On such a state of facts it is not a forced inference that the words, “for account of the Atlas Mutual Insurance Company, Geo. H. Tracy, Sec.,” were used to express the idea that this indorsement, by the Secretary, was on account and by authority of the Company.
It is absurd, as it seems to us, to hold that such an indorsement made upon a note, at the time of a transfer and upon an absolute sale of it, can be supposed to have been intended to notify the world that the Company continued the owner of it, and that no subsequent holder could acquire a title to it valid as against the Company.
It is obvious, from the testimony of Tracy, the Secretary, and the facts found import, that the only intent and object of the Company in using this form of indorsement was thereby to make the note negotiable, and not to restrict its further negotiability.
We conclude, therefore, that, upon the facts as found, there is nothing in the terms of the indorsement, and the motive for resorting to the form used, interfering with the plaintiffs’ right to recover; and that, upon the facts found, even if the indorsement or transfer had been made without writing,'and by delivery only, the plaintiffs would be entitled to recover.
Ho other objection to the plaintiffs’ right to recover is suggested, except that there was no previous resolution of the Company authorizing the transfer, and, therefore, Concklin & Company acquired no title.
*430 Although, the Judge found “that there was no resolution of the Board of Trustees of said Company authorizing the said transfer,” yet he has also found that it “ was delivered by the said. Atlas Mutual Insurance Company to Messrs. Concklin & Co., as security for a preexisting indebtedness of said Company to said Concklin & Co., to the amount of $6,300, no part of which has been paid.” That the Company was authorized by law “ to receive the note in suit, and also to negotiaté and transfer the same,” and that the mode of indorsing it, in the present instance, “ was the usual printed form used by said Company, in all cases where notes'were transferred by them for any purpose.”
According to the testimony, this and other notes were transferred “ as security in part for a previous loan and in part for the amount of a note made by the Company and due that day, and for another note made by the Company and held by Concklin & Co., and not then due; the whole amount of said indebtedness was 6,300.
The amount of the loan made, was.............. $2,000 00
Amount of note due,.......................... 2,659 13
Amount of note not due,...................... 1,641 16
$6,300 29.”
On such proofs as were given, or on such a state of facts as is found to exist, the defendant having no defense except the alleged insufficiency of the plaintiffs’ title; and it not appearing that the plaintiffs’ title is questioned by the Company, or that there are any ¿reditors of the Company to question it, we think judgment should have been given for the plaintiffs. (Aspinwall v. Meyer, 2 Sandf. S. C. R., 180; 3 Comst., 290.)
This case holds, that such a Company, not being insolvent, may, in the ordinary prosecution of its business, if not possessed of ready cash to pay demands against it, transfer their notes to their creditors, “upon the indorsement of the Company, the creditor giving time until the securities matured.”
Brower v. Harbeck, (5 Seld., 589,) decides nothing in conflict with it.
What may be the rights of the parties upon such facts as a future trial may establish, is at present but a matter of mere con *431 jecture, and is wholly foreign to any consideration that can properly influence the decision of this appeal. If the indorsement in this form was used for the mere purpose of making the note negotiable, and was the form in which its paper was uniformly indorsed, it is by no means clear that persons who had been in the habit of discounting the notes of this Company for it, on indorsements in this form, would not be entitled to be treated as honafde holders, if they discounted such a note in the usual course of business for full value paid for it; if they had no notice of any defects in the title, beyond such as the terms of the indorsement might imply or suggest.
The judgment must be reversed, and a new trial granted. The plaintiffs’ costs of the appeal to abide the event.